COVINGTON, Judge.
This is a suit which seeks damages for false arrest. After carefully reviewing the ■record, we find that the written reasons for judgment of the trial judge, of which a copy is attached, correctly dispose of the factual and legal issues presented in this case.
Accordingly, for the reasons expressed by the trial judge, which we adopt as our own and annex as Appendix A, the judgment appealed is affirmed, at appellant’s costs.
AFFIRMED.
APPENDIX A
JOHN LAND VS. BRENDA TEEPLE, ET AL.
WRONG NUMBER 238,279 DIVISION D 19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT
MELVIN A. SHORTESS, Judge.
John Land (plaintiff) was arrested on August 3, 1979, and charged with aggravated crimes against nature, aggravated burglary, simple kidnapping, and aggravated assault pursuant to an arrest warrant executed by Donna Sims. As a result of his arrest, plaintiff was incarcerated for three days. At the time, plaintiff’s arrest was thought to be a break in the so-called “Gorilla Man” case. The remaining defendants in this false arrest suit are the arresting officers, John Anders and Marian McLin, and the City of Baton Rouge. Plaintiff contends that the defendants did not have sufficient probable cause to arrest him because of the tentative information given by Sims.
Plaintiff first came to the attention of the defendants after a prowler complaint by Brenda Teepell (incorrectly spelled Tee-pie). Teepell positively identified plaintiff as the man she had seen in her carport. Teepell’s home was located in the same general area of the “Gorilla Man” attacks. That fact and the physical description she supplied made plaintiff a “Gorilla Man” suspect. After Teepell positively identified a photo of plaintiff, it was presented to Sims (a “Gorilla Man” victim) in a photo “show up.” Sims testified that she picked out plaintiff’s photo but told the officers “... he looks too young.” She further testified that the officers told her the photo could be several years old, in an effort to overcome her reservation. No evidence was sub *239 mitted relative to the age of this photo. The arrest warrant executed by Sims (D-l) indicates that she positively identified plaintiff as the person who broke into her home. At a subsequent line-up at the Parish prison, Sims again identified plaintiff as her assailant.
Plaintiff alleges that the officers did not have probable cause for arrest in spite of having an arrest warrant valid on its face, which was subsequently corroborated by Sims’ identification of Land in the line-up. Neither counsel for the parties nor the court has been able to find jurisprudence directly on point. The reported cases deal with a warrant invalid on its face or with a warrantless arrest. From these cases it is clear that the test for probable cause is one of reasonableness under the circumstances. In Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), the court stated:
These long prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community’s protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating those often opposed interests. Requiring more would unduly hamper law enforcement.
Here, the defendant officers had a witness who was ambiguous only as to the suspect’s apparent age. Sims had never before identified any photo as being that of her assailant. Ultimately, she executed an arrest warrant positively identifying plaintiff as her assailant. At trial Sims testified that John Anders said she needed to sign the warrant so plaintiff’s house could be searched for a gun. Considering the circumstances, if Anders used this device to help obtain Sims’ affidavit, the court does not feel that this tactic was undue, capricious or unreasonable. It was simply a mistake of a reasonable man, “... acting on facts leading sensibly to their conclusions of probability.” Anders and McLin had probable cause to arrest plaintiff.
For the above reasons, judgment is rendered in favor of defendants, dismissing this suit, and will be signed accordingly.
BATON ROUGE, LOUISIANA, this 17th day of December, 1981.